**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SERGIO RIVERA,

       Plaintiff,

vs.                                                               No. CIV 12-0473 JB/RHS

KAREN BATES and
MICHAEL HERNANDEZ,
in their individual capacities,

       Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT RECOMMENDING DENIAL OF DEFENDANT BATES' MOTION TO DISMISS AS MOOT**

**THIS MATTER** comes before the Court on the Magistrate Judge's Report Recommending Denial of Defendant Bates' Motion to Dismiss as Moot, filed June 27, 2013 (Doc. 41)("RR"). Defendant Karen Bates objected pursuant 28 U.S.C. § 636(b)(1), see Defendant Bates' Written Objections to Findings and Recommendations (Doc. 41), filed July 1, 2013 (Doc. 42)("Objections"), and Plaintiff Sergio Rivera responded to those Objections, see Plaintiff's Response to Defendant Bates' Written Objections to Findings and Recommendations (Doc. 41), filed July 10, 2013 (Doc. 44)("Response"). After review of the RR from the Honorable Robert H. Scott, United States Magistrate Judge, and after consideration of Bates' Objections and Rivera's Response, the Court agrees with Judge Scott's RR to deny as moot the Defendant Bates' Motion to Dismiss, filed September 7, 2012 (Doc. 12)("MTD"). The Court will not adopt, however, the portion of Judge Scott's RR recommending the Court assess against Bates the costs associated with the second attempt to serve Bates on November 14, 2012.

## LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"  United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165

(10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[1]

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of

---

[1] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to

- 4 -

apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)).   Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").   In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.   See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."   United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."   United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).   The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report.   In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).   "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a

transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and  United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations.  In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.  2013 WL 1010401, at *1, *4.  The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.  The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'"  Pablo v. Soc. Sec. Admin., 2013 WL

1010401, at *3 (footnote and internal brackets omitted)(quoting <u>Workheiser v. City of Clovis</u>, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.). See <u>Alexandre v. Astrue</u>, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); <u>Trujillo v. Soc. Sec. Admin.</u>, No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See <u>Thomas v. Arn</u>, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## ANALYSIS

On September 7, 2012, Bates moved the Court to dismiss Rivera's Complaint against her because of insufficient service. See MTD at 1-2. Although "[a] return of service indicates that Karen Bates was personally served on June 23, 2012," MTD ¶ 1, at 1, Bates says that she "did not

take personal delivery of any summons or complaint or any other legal papers from anyone at that address on that date, or any other date," MTD ¶ 3, at 1.  Two days later, Rivera moved the Court to extend the time for service of process on Bates.  See Plaintiff's Motion to Extend Time for Service of Process, filed September 9, 2012 (Doc. 14)("Motion to Extend Time").  The Court granted Rivera's Motion to Extend Time.  See Order Granting Plaintiff's Motion to Extend Time for Service of Process, filed December 7, 2012 (Doc. 26).  Bates was successfully served on November 14, 2012.  See Summons, returned executed, filed December 5, 2012 (Doc. 24).

The RR recommends that the Court deny Bates' MTD as moot, because, after she filed the MTD, she was successfully served.  See RR at 3.  Bates objects to the RR to the extent that it "misapprehends the nature of Defendant Bates' Motion and contention, and in so doing, unfairly mislabels her motion as frivolous on the grounds that she maintains the motion notwithstanding subsequent service and participation in the lawsuit."  Objections ¶ 1, at 1.  She argues that dismissal of Rivera's suit is "an appropriate sanction for making a willful false material statement related to service under 18 U.S.C. § 1623 and for the filing of a willfully false return of service."  Objections ¶ 2, at 1.  Rivera responds that Bates' Objections are "unfounded," and that the Court should "award Plaintiff's counsel their reasonable attorney fees in responding to Defendant Bates' unfounded objections."  Response at 1.  Rivera alleges that the MTD "contained no argument or authority requesting dismissal as a sanction for making or filing false statements under 18 U.S.C. § 1623 . . . ."  Response at 3.

Neither party objects to Judge Scott's analysis, pursuant to rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure, that the subsequent, successful service has mooted the MTD.  Rather, Bates objects that the Court should grant the MTD based on other grounds that the MTD does not list.  Because neither party objects to Judge Scott's analysis in the RR of the MTD as

written, the Court need review that portion of the RR only to determine whether it is "clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court does not believe that Judge Scott's determination that the motion is moot is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court thus adopts with Judge Scott's recommended disposition of the MTD as moot, because Bates has since been successfully served. This conclusion is in line with other federal district courts' dispositions in similar circumstances. See, e.g., Porter v. Gentry County Comm'n, No. 08-6029-CV-SJ-FJG, 2008 WL 2559426, at *1 (W.D. Mo. June 23, 2008)("Although a Court must dismiss an action for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), plaintiff has since corrected any insufficiency in service of process when he served the appropriate entities on April 21, 2008 . . . . [T]he issues raised in defendant's motion to dismiss are now moot."); Berning v. Gooding, 643 F. Supp. 26, 31 (D. Or. 1985)("Defendants Obendorf and Newhouse also moved to dismiss for insufficiency of process, pursuant to Fed. R. Civ. P. 12(b)(5). . . . Both have since been personally served. Their motions to dismiss on this ground are therefore moot."). The Court will adopt Judge Scott's RR to deny Bates' MTD as moot.

Judge Scott also recommends that the "costs associated with the second attempt to serve Defendant Bates on November 14, 2012 be assessed against her." RR at 4. He cites rule 4 of the Federal Rules of Civil Procedure, which instructs that a party subject to service "has a duty to avoid unnecessary expense of serving the summons." RR at 4 (quoting Fed. R. Civ. P. 4(d)(1)). That rule provides that a "plaintiff may notify . . . a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). If a defendant

> fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).  The Court is not aware of any rule or principle that allows the Court to shift the costs of service to the defendant at this stage of the case.  Rivera has not alleged "that he requested that Defendant Bates waive formal service of process as outlined in Fed. R. Civ. P. 4(d)."  RR at 3.  Because Rivera never requested the waiver, the Court will not award Rivera the costs in serving process on November 12, 2012.  Rivera must have looked at the motion to dismiss, and decided either that the motion was correct that he had not properly served Bates, or that it was not worth fighting the motion.  In such a situation, Rivera is not entitled to shift the costs of his action to Bates.

In her Objections, Bates argues that dismissing a case is an appropriate sanction for filing false statements related to service, but that she "will rely upon the Court to determine, what, if any, relief is warranted if it agrees that the stated violation has been proven."  Objections ¶ 4, at 2.  In response, Rivera requests that "the Court award Plaintiff's counsel their reasonable attorney fees in responding to Defendant Bates' unfounded objections."  Response at 1.  Both parties allege wrongdoing from the other worthy of some form of sanction or cost shifting.  The Court does not see willful false statements or abuse of process on either side that would justify shifting costs and fees between the parties at this time.  Many of the events at issue occurred at a house in North Carolina where neither the parties nor Court were present, so it is difficult for the Court or the parties to determine what the process server did or what the process server was told.  The Court will thus adopt Judge Scott's RR regarding Bates' MTD, but will not adopt the RR to assess costs against Bates.

**IT IS ORDERED** that the Magistrate Judge's Report Recommending Denial of

Defendant Bates' Motion to Dismiss as Moot, filed June 27, 2013 (Doc. 41), is adopted by the Court in part and not adopted in part. The Defendant Bates' Motion to Dismiss, filed September 7, 2012 (Doc. 12), is denied. The Court will not assess the expenses of service on Karen Bates.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Nicole Moss
Foster & Moss PC
Albuquerque, New Mexico

--and--

Paul J. Kennedy
Arne Leonard
Justine Fox-Young
Nanette E. Erdman
Paul Kennedy & Associates, P.C.
Albuquerque, New Mexico

*Attorneys for Plaintiff Sergio Rivera*

Ripley B. Harwood
Ripley B. Harwood, P.C.
Albuquerque, New Mexico

*Attorney for Defendant Karen Bates*

David J. Tourek
   City Attorney
Stephanie M. Griffin
Tyson R. Hummell
   Assistant City Attorneys
City of Albuquerque
Albuquerque, New Mexico

*Attorneys for Defendant Michael Hernandez*